Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tianna Campo, | Case No. 2:20-cv-8067 |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| I.Q. Data International, Inc. and Decron Properties Corp. dba River Ranch, | |
| Defendant. | |

**NATURE OF ACTION**

1.     Plaintiff Tianna Campo ("Plaintiff") brings this action against Defendant I.Q. Data International, Inc. ("IQ") and Decron Properties Corp. dba River Ranch ("Decron") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

**JURISDICTION, STANDING, AND VENUE**

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.     In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act."  *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9.     Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on

whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

11.   "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

12.   "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael,* 681 F.3d 1097, 1100 (9th Cir. 2012).

13.   Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title."  Cal. Civ. Code § 1788.1(b).

14.   "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

15.     "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

## PARTIES

16.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Ventura, and City of Moorpark.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1788.2(g).

18.     IQ is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

19.     IQ is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "consumer debt" from Plaintiff, as defined by Cal. Civ. Code § 1788.2(f).

20.     IQ is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

21.     Decron is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "consumer debt" from Plaintiff, as defined by Cal. Civ. Code § 1788.2(f).

22.     Decron is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

# FACTUAL ALLEGATIONS

23.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than IQ.

24.     Plaintiff's alleged obligation arises from a consumer credit transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential apartment lease and utilities (the "Debt").

25.     IQ uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

26.     IQ regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

27.     Decron is a real estate company which acquires, develops, and manages multifamily apartment buildings.

28.     Specifically, Decron manages River Ranch Apartments in Simi Valley, California ("River Ranch").

29.     On or around July 21, 2019, Plaintiff moved out of River Ranch.

30.     Subsequently, Decron sent Plaintiff a final move out statement dated August 2, 2019.

31.     A true and correct copy of the August 2, 2019 statement is attached as Exhibit A.

32.    The August 2, 2019 statement identified the balance of the Debt as $964.61. Exhibit A at 2.

33.    Included in the total balance was a $440.28 charge for carpet replacement. *Id.*

34.    However, Plaintiff disputed this charge with Decron and provided pictures and video showing the alleged damage to the carpet was normal wear and tear.

35.    Thus, Decron could not lawfully charge Plaintiff for the carpet replacement.

36.    Further, the August 2, 2019 statement included a $400.00 charge for apartment painting.

37.    After Plaintiff disputed the paint charge, Decron agreed to remove the charge on August 17, 2019 and advised it would reach back out once corporate had processed the removal.

38.    At no point did Decron send a revised statement or reach back out to Plaintiff prior to sending the account to IQ for collection.

39.    In connection with the collection of the Debt, IQ, itself and on behalf of Decron, placed a telephone call to Plaintiff on October 29, 2019 and left a voicemail message.

40.     Plaintiff received and listened to the October 29, 2019 voicemail message that same day.

41.     Upon information and belief, the October 29, 2019 voicemail message was IQ's initial communication with Plaintiff with respect to the Debt.

42.     The October 29, 2019 voicemail message failed to disclose that IQ was attempting to collect a debt and that any information obtained would be used for that purpose.

43.     That same day, Plaintiff had a telephone conversation with Defendant.

44.     During the October 29, 2019 telephone call, Plaintiff disputed the Debt with IQ.

45.     In connection with the collection of the Debt, IQ, itself and on behalf sent Plaintiff written correspondence dated October 28, 2019.

46.     A true and correct copy of the October 28, 2019 letter is attached as Exhibit B.

47.     Plaintiff received the October 28, 2019 letter no earlier than October 30, 2019.

48.     The October 28, 2019 letter identified the balance of the Debt as $982.92: $964.61 principal and $18.31 interest. *See* Exhibit B.

49.     Upon information and belief, the October 28, 2019 $964.61 principal balance included the $440.28 charge for carpet replacement.

50.     Upon information and belief, the October 28, 2019 $964.61 principal balance included the $400.00 charge for apartment painting.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## IQ

51.     Plaintiff repeats and re-alleges each factual allegation above.

52.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

53.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

54.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. &*

*Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

55.    IQ violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that IQ violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## IQ

56.    Plaintiff repeats and re-alleges each factual allegation above.

57.    Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a

catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

58.   The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

59.   The FTC has stated: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

60.   IQ violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that IQ violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)
## IQ

61. Plaintiff repeats and re-alleges each factual allegation above.

62. The FDCPA "provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

63. A voicemail from a debt collector soliciting a return call is a communication, which must contain the disclosures required by 15 U.S.C. § 1692e(11). *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1257-58 (11th Cir. 2017).

64. IQ violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that IQ violated 15 U.S.C. § 1692e(11);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f)  Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF CAL. CIV. CODE § 1788.17**
**IQ**

65.    Plaintiff repeats and re-alleges each factual allegation above.

66.    A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with §§ 1692b-j of the FDCPA.

67.    IQ violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

68.    IQ violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

69.   IQ violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

70.   By violating the FDCPA, IQ violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that IQ violated Cal. Civ. Code § 1788.17;

b)  Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and,

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF CAL. CIV. CODE § 1788.17**
**Decron**

71.   Plaintiff repeats and re-alleges each factual allegation above.

72.   IQ violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

73.     IQ violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

74.     IQ violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

75.     By violating the FDCPA, IQ violated Cal. Civ. Code § 1788.17.

76.     Decron by virtue of its status as a "debt collector" under the RFDCPA, is liable for the conduct of IQ—the debt collector it retained to collect on its behalf.

77.     Decron violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

78.     Decron violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

79.     By violating the FDCPA, Decron violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Decron violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and,

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF CAL. B&P § 17200 *et seq.*
## Decron

80. Plaintiff repeats and re-alleges each factual allegation above.

81. By committing the acts and practices alleged herein, Decron has engaged in unlawful and unfair business practices in violation of the Unfair Competition Law ("UCL").

82. As a result of engaging in the conduct alleged in this Complaint, Decron has violated the UCL's proscription against engaging in unlawful conduct by virtue of its violation of Cal. Civ. Code § 1788.17.

83. Decron has also violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged in this Complaint which violates legislatively-declared policies articulated in Cal. Civ. Code § 1788.17.

84. As a direct and proximate result of Decron's violations of the UCL, Plaintiff has suffered actual harm and is entitled to statutory damages in that, inter

alia, her statutory rights were violated and she was misled as to the correct balance of the Debt sought directly and indirectly by Decron.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Decron violated B&P § 17200;

b) Requiring that Decron modify its business practices and collection practices in a manner that complies with California and Federal law;

c) Requiring Decron to remedy and correct any improper business and collection practices it has engaged in up to this date;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1021.5;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and,

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

85.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 3, 2020

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674

rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff